## J. Galvin McClymonds *v.* William R. Stewart, Appellant.

*Contract—Consideration—Subscription of stock to proposed corporation.*

A very slight advantage to one party or a trifling inconvenience to another is sufficient consideration to support a contract when made by a man of good capacity who is not at the time under the influence of any fraud, imposition or mistake.

Where one who was interested in the organization of a proposed corporation induced another to subscribe for stock therein, agreeing that if the latter would do so he would take the stock at the end of one year, the contract is a valid one, the consideration being the payment of money upon the subscription which has been induced by this promise.

Argued May 14, 1896.   Appeal, No. 100, May T., 1896, by defendant, from judgment of C. P. Butler Co., June T., 1895, No. 62, for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Assumpsit for moneys due.   Verdict and judgment for plaintiff for $102.50.

On the trial, before GREER, P. J., defendant offered to show what the present value of a share of stock in the Portersville Creamery Co. was.   Objected to.   Rejected.   Exception. [4] The stockholders of the proposed creamery were not incorporated, nor was there any effort to incorporate during the year which the plaintiff held the stock.

The other facts sufficiently appear by the charge of the court below:

This is an action of assumpsit brought by the plaintiff, J. C. McClymonds, against Mr. Stewart to recover $100 that Mr. McClymonds claims Mr. Stewart owes him.   The proof seems to be, in fact it seems to be admitted that some men by the name of Bernap & Bernap were starting a creamery at Portersville in the fall of 1893; that one of the men who was active in getting up the creamery went to Mr. McClymonds and asked him to subscribe for a share of stock; Mr. McClymonds says that he did not want it and was not willing to take it, would not have taken it, except that Mr. Stewart told him he would take it off his hands at the end of one year; Mr. McClymonds says he would not have taken this share without that promise.   The share of this stock was $100.   Mr. McClymonds swears he took it on the strength of the promise of Mr. Stewart to take it off his hands.   There was nothing said as to what Mr. Stewart was to pay for it.   The presumption of law is that when a man buys anything he is to pay its value, but in this case Mr. McClymonds was investing this hundred dollars entirely on the strength of the promise of Mr. Stewart to take it off his hands.   It is claimed by Mr. Stewart that nothing was said as to what the price was to be.   If Mr. McClymonds took it on the strength of this paper the law would presume that he was to pay the amount of money invested.   Suppose one of you men say to another, if you will drill an oil well on a certain lease I will take it off your hands; it is not at what it would be worth; it would be at what he would expend.   [We say to you under the proof that the verdict should be for the plaintiff for the amount of the claim.] [6]

*Errors assigned* among others were, (4) refusing defendant's offer as above stated; (6) charge of the court.

312        McCLYMONDS *v.* STEWART, Appellant.

Arguments—Opinion of the Court.        [2 Super. Ct.

*J. D. Marshall*, for appellant.—An executory contract must have a consideration to support it: Carhart's App., 78 Pa. 100; King's Est., 150 Pa. 143; Hess's Est., 150 Pa. 346; Bigley v. Risher, 63 Pa. 152; Executors v. Shultz, 43 Pa. 207. The plaintiff here, before he can recover, must procure and tender a certificate of stock: Kille v. Iron Wks., 141 Pa. 440. The plaintiff was only entitled to the reasonable value of the stock: Benj. on Sales, secs. 85, 86.

*S. F. Bowser*, with him *A. L. Bowser*, for appellee.—A consideration which is a benefit to the party promising, or a trouble and prejudice to him to whom the promise is made is a sufficiently valuable consideration: 4 Kent's Com. 465: Muirhead v. Kirkpatrick, 21 Pa. 242; Harlan v. Harlan, 20 Pa. 303; 1 Addison on Contracts, sec. 8, pp. 19, 20; also vol. 1, sec. 9, p. 21; Mercer v. Lancaster, 5 Pa. 162; Hind v. Holdship, 2 Watts, 105.

OPINION BY REEDER, J., July 16, 1896:

The first and principal error complained of by the appellant is, that the court admitted proof of the contract between Mc-Clymonds and Stewart and afterwards directed a verdict upon the same without any evidence of a valuable consideration. This contention is founded upon a misapprehension as to what in law constitutes a sufficient consideration. " A very slight advantage to one party or a trifling inconvenience to another party is sufficient consideration to support a contract when made by a man of good capacity who is not at the time under the influence of any fraud, imposition or mistake: " Harlan v. Harlan, 20 Pa. 303; vide also 1 Addison on Contracts, secs. 8, 9. If a man induces another to subscribe for stock agreeing that if he does so subscribe he will secure him from loss, this is a good contract, the consideration being the payment of money upon subscription which he has induced by his promise. Under this contract the plaintiff is entitled to receive from the defendant the full amount of his subscription and the defendant is entitled to receive from the plaintiff a transfer of all his right, title and interest in the creamery. We will protect the defendant's equities by the form of our judgment.

Judgment affirmed, execution upon the judgment to be stayed

until the plaintiff execute a full and complete assignment of all his right, title and interest in the Portersville Creamery Company involved in this action to William B. Stewart and deposits the same in the office of the prothonotary of Butler county.