## Riegel, Appellant, *v.* Haberstro et al.

Argued December 8, 1942.

Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHY, JJ.

*D. M. Garrahan,* for appellant.

No brief was filed nor appearance made for appellees.

OPINION BY BALDRIGE, J., February 26, 1943:

The plaintiff, Minnie T. Riegel, has appealed from the final order of the court below discharging a rule to strike off a compulsory nonsuit. Neither a brief nor appearance on behalf of the appellees has been filed in this court.

The suit, instituted December 13, 1941, was based upon the defendants' failure to perform an alleged oral agreement to return, on demand, the sums of $300 and $100 which, on April 14, 1938 and May 18, 1939, respectively, the plaintiff paid to them for the purchase, in her name, of securities of the Universal Order of Plenocrats, "A Voluntary Cooperative Association Of the People, By the People, For the People." According to the "Certificate of Fellowship" received by the plaintiff and offered in evidence, the central office of this association is located at Chicago, Illinois. It was organized for the very comprehensive purpose of creating a fund to be used by its national board of managers "for the development, processing and distribution of the natural resources of the earth for the use and benefit of Plenocrats." By the terms of the certificate the person named therein was entitled to all the educational advantages, publications, lessons and literature of the order and to all rights and benefits conferred by it upon the participants.

It was admitted that the Universal Order of Plenocrats was not registered with either the Federal Securities and Exchange Commission or the Pennsylvania

Securities Commission and the evidence showed the defendants' failure to register with the latter body as agents to sell securities. In support of the motion for a nonsuit it was urged that the money was delivered to the defendants for the purchase of a "fellowship" rather than a "security." Although of doubtful relevancy on this appeal, plaintiff's contributions were procured by the use of application blanks indicating that the contributors would receive 30 per cent profit per annum from the agricultural operation in which they would take no part. In *Securities and Exchange Commission v. Universal Service Association et al.,* 106 F. 2d 232, the Universal Order of Plenocrats was a party defendant. The application blanks used were similar to those signed by the plaintiff. They were held to constitute "securities" within the meaning of the Federal Securities Act of May 27, 1933, c. 38, Title I, §20, 48 Stat. 74, 15 U. S. C. A. §77b.

According to the plaintiff's testimony, the defendants, who were her fellow-residents in Allentown and acquaintances of about two years standing, advised her by letter of meetings to be held in a local beauty shop "concerning Plenocracy" which she attended. Subsequently, upon the two dates previously mentioned, she, at their request, turned over to them to invest "in Plenocracy" the $300 and $100 sums. She testified that when she first gave money to the defendants she told them she could not afford to lose any money and they assured her that any time she asked for it they would gladly give it back. The second time she gave them money she said: "This is my last cent of money I have; ......" She inquired if she could get it back when she wanted or needed it and they replied: "It can never be lost; if you want it any time you come to us and we will gladly pay you the money back."

The plaintiff received from the Chicago office certificates covering her investments and some time later

she was paid at least one dividend of $2. On November 25, 1941, she asked the defendants to return her money, which they refused to do.

The principal question before us is whether the learned court below was warranted in refusing to remove the nonsuit. Its action was based upon two grounds: (1) lack of any consideration for the defendants' promise; and (2) the plaintiff's failure to return, or offer to return, the securities before instituting suit.

The court below in support of its first ground took the position that the defendants made merely an *informal* promise which was not binding upon them relying upon the rule approved in section 75, Comment b, of the Restatement of the Law of Contracts (Vol. I), reading as follows: "...... subject to certain exceptions, an informal promise is not binding unless an agreed price has been paid for it. Consideration must actually be bargained for as the exchange for the promise. A statement that a consideration has been bargained for does not conclusively prove the fact."

The plaintiff's testimony indicates that the defendants' promise was in each instance made prior to, or at least contemporaneously with, her act in turning over the money. There was an agreed consideration actually paid in exchange for the promise, consequently it was binding even though informal. The plaintiff's statements concerning the bargaining and the agreement reached must be accepted as true in considering the propriety of entering a nonsuit.

Our decision in *McClymonds v. Stewart*, 2 Pa. Superior Ct. 310, refutes the position of the court below upon the question of consideration. We said, page 312: "If a man induces another to subscribe for stock agreeing that if he does so subscribe he will secure him from loss, this is a good contract, the consideration being the payment of money upon subscription which he has induced by his promise."

Nor do we think that plaintiff's failure to return or offer to return the securities prior to suit barred her from a recovery. Another excerpt from the McClymonds case, which immediately follows the one quoted above, reads as follows: "Under this contract the plaintiff is entitled to receive from the defendant the full amount of his subscription and the defendant is entitled to receive from the plaintiff a transfer of all his right, title and interest ......" The court in affirming the judgment entered for the plaintiff ordered a stay of execution until such an assignment had been made. Upon a retrial the present defendants can, and should be, similarly protected by a transfer including any return which the plaintiff has received from the investment.

The order of the court below, discharging the plaintiff's rule to strike off the compulsory nonsuit, is reversed with a procedendo.